IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**UNITED STATES OF AMERICA**                                                           **PLAINTIFF**

**V.**                                   **NO. 3:23-CV-118-DMB-JMV**

**BEVERLY ECHOLS**                                                            **DEFENDANT**

## ORDER

On April 26, 2023, the United States of America filed a complaint against Beverly Echols in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA'), … and … money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Echols's receipt of Paycheck Protection Program ('PPP') funds to which she was not entitled." Doc. #1 at PageID 1. The complaint alleges that Echols, through false representations, received PPP loans totaling $41,666 (for which the Small Business Administration paid a total of $5,000 in processing fees to the financial institution involved) and that Echols, also through false representations, obtained forgiveness of those loans by the SBA. *Id*. at PageID 6, 7.

On May 3, 2023, a "Joint Motion for Entry of Consent Judgment" was filed in which the parties represent that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the proposed [consent judgment] forwarded to the Court's chambers." Doc. #4.[1] Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Echols who appears pro se. *Id*. at PageID 15.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or

---

[1] A certificate of service is attached to the joint motion. Doc. #4 at PageID 16.

stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Echols to pay $46,830.38 plus interest and a separate $402.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [4] is **GRANTED**. The proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 15th day of May, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**